IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDY MARTIN,

                    Plaintiff,

v.

DANIEL AKERSON, CHARLENE
BARSHEFSKY, URSULA BURNS,
KENNETH CHENAULT, PETER
CHERNIN, JAN LESCHLY, RICHARD C.
LEVIN, RICHARD A. MCGINN,
EDWARD D. MILLER, STEVEN S.
REINEMUND, ROBERT D. WALTER,
RONALD A. WILLIAMS, "MR.
GUNNING," JUDY BISGARD,
AMERICAN EXPRESS CENTURION
BANK, AMERICAN EXPRESS BANK,
FSB,

                    Defendants.

Case No.:  _____

**FILED: JULY 3, 2008**
**08CV3812**
**JUDGE PALLMEYER**
**MAGISTRATE JUDGE KEYS**
**AEE**

### JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Daniel Akerson,

Charlene Barshefsky, Ursula Burns, Kenneth Chenault, Peter Chernin, Jan Leschly,

Richard C. Levin, Richard A. McGinn, Edward D. Miller, Steven S. Reinemund, Robert

D. Walter, Ronald A. Williams, Vaughn Gunning (improperly named as "Mr. Gunning"),

Judy Bisgard, American Express Centurion Bank, and American Express Bank, FSB

(collectively, "Defendants"), by and through their undersigned counsel, jointly hereby

give notice of the removal of the above-captioned action to this Court. In support of this

Notice of Removal, Defendants state as follows:

1.      On June 5, 2008, Plaintiff filed a Complaint in the Circuit Court of the Eighteenth Judicial Circuit In And For Dupage County, Illinois, titled *Andy Martin v. Daniel Akerson, et al.*, 2008-CH-002123 ("State Court Action"), raising claims relating to the alleged suspension of an account of Plaintiff.

2.      A true and correct copy of the Complaint and all records and proceedings filed in the State Court Action are attached hereto as Exhibit A.  A true and correct copy of the Docket Sheet in the State Court Action as of June 25, 2008, is attached hereto as Exhibit B.

3.      Plaintiff is an individual who according to the Complaint is "based in Illinois, Florida, New York and worldwide."  Complaint at ¶ 1(b).

4.      Defendants Daniel Akerson, Charlene Barshefsky, Ursula Burns, Kenneth Chenault, Peter Chernin, Jan Leschly, Richard C. Levin, Richard A. McGinn, Edward D. Miller, Steven S. Reinemund, Robert D. Walter, and Ronald A. Williams comprise the Board of Directors of American Express Company.

5.      Defendants Vaughn Gunning (improperly named in the Complaint as "Mr. Gunning") and Judy Bisgard are employees of a wholly-owned subsidiary of American Express Company.

6.      Defendant American Express Centurion Bank is an industrial loan company and defendant American Express Bank, FSB is federal savings bank, both of which are indirect wholly owned subsidiaries of American Express Company.

7.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as it is filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or

proceeding is based." On or about June 5, 2008, Plaintiff sent via facsimile a copy of the Summons and Complaint to a wholly owned subsidiary of American Express Company.

8.     This Court has original jurisdiction under 28 U.S.C. § 1331 as the Complaint raises claims that arise under the laws of the United States. Specifically, the Complaint asserts a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.; the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p; the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq.; and the Fair Credit Billing Act, 15 U.S.C. § 1601. Plaintiff's Complaint thus raises alleged violations of "federal law" and "federal consumer protection statutes." Complaint at Count Three, ¶ 3.

9.     Venue is proper in this Court because the action is being removed from the Circuit Court of DuPage County, Illinois.

10.     This Court further has jurisdiction because the State Court Action appears to violate a permanent injunction issued by a United States District Court. The terms of the permanent injunction are set forth at *In re Martin-Trigona*, 592 F. Supp. 1566 (D. Conn. 1984), *aff'd*, 763 F.2d 140 (2d Cir. 1985), *cert. denied*, 474 U.S. 1061 (1986). The injunction requires that Plaintiff attach to any document that commences a new lawsuit in state court:

> a statement entitled "Informational Statement Concerning Litigation History of Anthony R. Martin-Trigona, Pursuant to Court Orders," whose text shall read as follows: "Pursuant to order of the United States District Court for the District of Connecticut and the United States Court of Appeals for the Second Circuit, this tribunal is respectfully referred to the litigation history of Anthony R. Martin-Trigona, described in *In re Martin-Trigona*, 573 F. Supp. 1245 (D. Conn. 1983), and *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984), copies of which are attached hereto for ease of reference." To this statement shall be attached the following material: (a) a copy of the opinion of this court

> published at 573 F. Supp. 1245 (D. Conn. 1983), with all appendices; (b) a copy of the opinion of the Court of Appeals in *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984), with all appendices; and (c) a copy of this order, *In re Martin-Trigona*, 592 F. Supp. 1566 (D. Conn. 1984), with appendices.

*In re Martin-Trigona*, 592 F. Supp. at 1573.   Plaintiff failed to comply with these requirements.  *See* Exhibit A.

11.     Federal courts repeatedly have dismissed lawsuits filed in violation of the federal permanent injunction, including this Court's recent dismissal of an action filed by Plaintiff.  *See Andy Martin v. David Brock, et al.*, Case No. 07-C-3154, United States District Court, Northern District of Illinois (Manning, J.), Docket Entries 16 and 24.

12.     Written notice of filing of this Notice of Removal is being given to Plaintiff, and a copy is being filed in the Circuit Court of the Eighteenth Judicial Circuit in and for DuPage County, Illinois, as required by 28 U.S.C. § 1446(d).

13.     All defendants named in this action join in this removal petition and thus jointly hereby seek removal of the State Court Action to this Court.

WHEREFORE, Defendants hereby remove the above-captioned matter from the Circuit Court of DuPage County to this Court.

AMERICAN EXPRESS CENTURION BANK, AMERICAN EXPRESS BANK, FSB, DANIEL AKERSON, *et al.,* Defendants

By:   _/s/ Ruth A. Bahe-Jachna
One of Their Attorneys

Ruth A. Bahe-Jachna
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL 60601
(p) (312) 456-8400
(f)  (312) 456-8435
baher@gtlaw.com

Louis Smith
Greenberg Traurig, LLP
200 Park Avenue, P.O. Box 677
Florham Park, New Jersey  07932-0677
(p) (973) 360-7900
(f)  (973) 301-8410
smithlo@gtlaw.com

**Attorneys for Defendants**

Dated:  July 3, 2008

## <u>CERTIFICATE OF SERVICE</u>

I, Ruth A. Bahe-Jachna, an attorney, hereby certify that I caused a copy of the foregoing **JOINT NOTICE OF REMOVAL** to be served by email and by placing a true and correct copy in an envelope, with proper postage pre-paid, and addressed to:

Andy Martin
30 E. Huron St.
Suite 4406
Chicago, IL 60611-4723

e-mail: andymart20@aol.com

and depositing same in the U.S. mail at 77 West Wacker Drive, Chicago, Illinois 60601, before the hour of 5:00 p.m.

/s/ Ruth A. Bahe-Jachna
Ruth A. Bahe-Jachna

*NJ 226425477v2 July 3, 2008*

JUDGE PALLMEYER
MAGISTRATE JUDGE KEYS
AEE

# EXHIBIT A

5350

UNITED STATES OF AMERICA
IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR DUPAGE COUNTY, ILLINOIS

2008CH002123

Status Date: 10/02/08

Assigned To: 2005

**FILED**

Jun 03 2008 - 10:20 AM

*Chris Kachiroubas*

CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

ANDY MARTIN,

      Plaintiff,

     v.

                         IN CHANCERY

DANIEL AKERSON, CHARLENE
BARSHEFSKY, URSULA BURNS,
KENNETH CHENAULT, PETER
CHERNIN, JAN LESCHLY, RICHARD
C. LEVIN, RICHARD A. MCGINN,
EDWARD D. MILLER, STEVEN S.
REINEMUND, ROBERT D. WALTER,
RONALD A WILLIAMS, "MR.
GUNNING," JUDY BISGARD,
AMERICAN EXPRESS CENTURION
BANK, AMERICAN EXPRESS
BANK, FSB,

      Defendants.

                  /

## COMPLAINT

### Preliminary Statement

Over the past twenty years consumer credit and credit card

companies have sought to bar customer access to the judicial

process. Instead, mega-corporations have sought to impose

burdensome and complex arbitration procedures on their

2

customers. Congress has been virtually bribed to allow this unconscionable and abusive trend.

Congress has, however, developed an alternative series of consumer protection statutes: The Fair Credit Billing Act, the Fair Debt Collection Procedures Act, The Equal Credit Opportunity Act and the Fair Credit Reporting Act. Sadly, the American Express Company and its management appear to have developed systematic procedures to violate and ignore congressional enactments.

Usually, big companies such as American Express can "beat up" on their customers and customers lack the energy or resources to fight back. In this case, AmEx picked on a customer who had the means and experience to fight back. On information and belief this is the first state court to obtain jurisdiction over a lawsuit involving the mandatory arbitration provisions of AmEx's customer contract. Thus, this Court's decisions will lay the foundations for important new nationwide legal principles.

[COUNT ONE]

[ACTION TO INVALIDATE ARBITRATION CLAUSE OR COMPEL ARBITRATION]

1. Jurisdiction and venue

a. This court has general common law jurisdiction to hear and determine the matters presented.

3

b. Venue is proper in DuPage County. Plaintiff is based in Illinois, Florida, New York and worldwide, see AndyMartinWorldwide.com.

## 2. Factual allegations

### a. The parties

A. Plaintiff has been a consumer advocate and public interest lawyer, although not a member of the Illinois Bar, who has exposed and fought corruption in Illinois politics and nationally for over forty years. Most recently, Plaintiff was a reform candidate for U. S. Senator. Plaintiff has been involved in important landmark consumer protection litigation, see Andymartin.com for a listing of important consumer precedents set by Plaintiff.

B. Defendants Akerson, Barshefsky, Burns, Chenault, Chernin, Leschly, Levin, McGinn, Miller, Reinemund, Walter and Williams are the senior managers of Amex.

C. Defendants "Gunning" (which may be a fictitious name used in violation of federal law) and "Bisgard" (which may also be a fictitious name used in violation of federal law) are allegedly AmEx employees in Arizona.

D. Defendants American Express Centurion Bank and American Express Bank are names disclosed by the defendants in the retaliation notices which they sent to Plaintiff on May 23, 2008 as "creditors" of Plaintiff.

4

## b. The Facts Giving Rise to This Lawsuit

A. Plaintiff received a call from Gunning on or about May 13, 2008.

B. Gunning claimed that one of Plaintiff's accounts was $21.14 past due, and that Gunning had suspended the account. Plaintiff was probably $21.14 past due, as he has been somewhat slow to write checks during his most recent period of political activity.

C. When Plaintiff protested, Gunning said words to the effect of "then I'll cancel that account as well," and cancelled all of Plaintiff's accounts. Plaintiff has demanded a copy of the tape recording of the conversation, but defendants have refused to date to produce the tape between Gunning and Plaintiff.

D. Plaintiff uses Amex for automatic monthly billings on routine repetitive consumer transactions. The cancellation of Plaintiff's account has caused chaos and disruption, and required Plaintiff to redo accounts.

E. Plaintiff wrote to Bisgard and Chenault on May 13, and again on May 20, 2008. Bisgard and Chenault ignored Plaintiff's letters, thereby forcing the commencement of this lawsuit.

F. Plaintiff offered to pay his disputed balance into this Court's registry account, so that there would be no question over Plaintiff's ability and willingness to pay.

5

Bisgard ignored that offer and sent Plaintiff a computer message threatening to destroy Plaintiff's credit reputation.

G. American Express and its majordomo mandarin Chenault and his "board" of corporate cronies apparently do not respond to business letters. They require a lawsuit to be filed obtain their attention.

H. AmEx as imposed arbitration provisions on in its customers to deny them access to judicial remedies.

I. Plaintiff invoked the arbitration provisions of the contract but AmEx and its employees have ignored the remedial provisions of their own contract.

3. <u>Legal claim</u>

a. Plaintiff invoked the arbitration clause prepared by AmEx, by sending demands to Chenault and Bisgard (a copy of the Chenault letter).

b. Chenault, Bisgard and the Amex Corporation have ignored and violated their own contract and refused to engage in arbitration over this dispute.

c. In effect, AmEx has imposed an arbitration procedure on its customers as a form of <u>in terrorem</u> corporate intimidation, ignoring the contractual procedure when it is invoked by customers such as Plaintiff and hoping they will "go away."

4. <u>Demand for judgment</u>

Plaintiff sues and demands judgment as follows:

6

a. Declaratory and injunctive relief as may be necessary to do complete justice between the parties.

b. Ancillary money damages in an amount not to exceed $60,000 on all counts, with the total recovery in this action limited to $60,000.

c. Plaintiff sues, in the alternative, as to the arbitration clause of the contract between the parties. Plaintiff asks the Court to invalidate AmEx's arbitration clause so this lawsuit can proceed. Plaintiff believes mandatory arbitration clauses in consumer contracts reflect contracts of adhesion and are contrary to federal and state public policy. In the alternative, if the court upholds the arbitration clause, Plaintiff asks the court to compel the defendants to proceed with arbitration and to reinstate his accounts pendente lite.

[COUNT TWO]

[BREACH OF THE COMMON LAW COVENANT OF GOOD FAITH]

1-2. Plaintiff repeats and realleges Paragraphs 1-2 of Count One and further pleads:

3. Legal claim

a. The common law of Illinois and New York implies a covenant of good faith and fair dealing in every contact.

b. The actions of Gunning, Bisgard, Chenault and the senior management of Amex reflect arrogance and contempt for customers.

c. Calling a customer and saying you have suspended his account because he is $21.14 past due, and then retaliating when the customer exercises his federally protected rights and protests, inflicting unnecessary chaos and disruption on the customer, reflect a gross absence of good faith and a clear violation of the common law covenant.

4. Demand for judgment

Plaintiff sues and demands judgment as follows:

a. Declaratory and injunctive relief as may be necessary to do complete justice between the parties.

b. Ancillary money damages in an amount not to exceed $60,000 on all counts, with the total recovery in this action limited to $60,000.

[COUNT THREE]

[BREACH OF FAIR CREDIT REPORTING ACT, FAIR DEBT
COLLECTION PROCEDURES ACT, EQUAL CREDIT
OPPORTUNITY ACT, FAIR CREDIT BILLING ACT]

1-2. Plaintiff repeats and realleges Paragraphs 1-2 of Count One and further pleads:

3. Legal claim

a. Congress has enacted a comprehensive series of federal consumer protection laws. Those laws bar retaliation for the invocation and exercise of consumer rights. The tape recording of the conversation between Gunning and Plaintiff will establish that Gunning called claiming he had suspended an

8

account for a $21.24 past due amount. That was an obviously
unbelievable claim.

b. It appears that Amex had obtained credit
information about Plaintiff surreptitiously, in violation of
federal law, and has to date failed to comply with federal law.
AmEx appears to have systematic policies and procedures in place
to knowingly and intentionally violate federal law in the manner
in which Plaintiff was attacked and terrorized.

c. When Plaintiff exercised his rights pursuant to
federal law to protest, Gunning immediately retaliated by
canceling all of Plaintiff's accounts. Such retaliation is
prohibited by and violated federal law. The defendants have
failed to train and properly supervise Bisgard and Gunning to
obey and comply with federal consumer protection statutes.

4. <u>Demand for judgment</u>

Plaintiff sues and demands judgment as follows:

a. Declaratory and injunctive relief pursuant to
federal law as may be necessary to do complete justice between
the parties.

b. Ancillary money damages in an amount not to exceed
$60,000 on all counts, with the total recovery in this action
limited to $60,000.


Dated: June 5, 2008

9

Respectfully submitted,

ANDY MARTIN
**SERVICE OF NOTICES IS RESPECTFULLY**
**REQUESTED BY FAX OR E-MAIL**
30 E. Huron St., Suite 4406
Chicago, IL 60611-4723,
**and**
P. O. Box 1851
New York, NY 10150-1851
(please serve both addresses)
Toll-free tel. (866) 706-2639
Toll-free fax  (866) 707-2639
E-mail: andymart20@aol.com (text only)

CIRCUIT COURT SUMMONS                                                          3101(Rev. 07/05)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |

ANDY MARTIN,

                                        PLAINTIFF                CASE NUMBER
                                                                **2008CH002123**
              VS.

KENNETH CHENAULT, AMERICAN
EXPRESS COMPANY, et al.,

                                        DEFENDANT

                                                                     File Stamp Here

                              SUMMONS

To each defendant:
You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of this Court, 505 North County Farm Road, Wheaton, Illinois within 30 days after the service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of services and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

                    WITNESS: **CHRIS KACHIROUBAS**, Clerk of the Eighteenth
                                Judicial Circuit Court, and seal thereof at Wheaton,
                                Illinois.

                    Date _____ JUN - 5 2008

                                413
                                BY _____ DEPUTY CLERK
                                        Clerk of the Eighteenth Judicial Circuit

Name: Andy Martin                        ☒ PRO SE
DuPage Attorney Number: _____
Attorney for: Pro Se                             NOTICE: The filing of an appearance or answer with the
Address: 30 E. Huron Street, Suite 4406          Circuit Court Clerk requires a statutory filing fee, payable
City/State/Zip: Chicago, IL 60611-4723           at the time of filing.
Telephone: (866) 706-2639; Fax (866) 707-2639    Date of Service: _____
                                                 (To be inserted by officer on copy left with Defendant or other person.)

              **CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT** ©
                          WHEATON, ILLINOIS 60189-0707

CIRCUIT COURT SUMMONS

3101(Rev. 07/05)

**UNITED STATES OF AMERICA**

STATE OF ILLINOIS    IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT    COUNTY OF DU PAGE

ANDY MARTIN,

PLAINTIFF

VS.

KENNETH CHENAULT, AMERICAN
EXPRESS COMPANY, et al.,

DEFENDANT

**CASE NUMBER**
**2008CH002123**

File Stamp Here

**SUMMONS**

To each defendant:

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of this Court, 505 North County Farm Road, Wheaton, Illinois within 30 days after the service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of services and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS: **CHRIS KACHIROUBAS**, Clerk of the Eighteenth
Judicial Circuit Court, and seal thereof at Wheaton,
Illinois.

Date    JUN - 5 2008

Clerk of the Eighteenth Judicial Circuit
**DEPUTY CLERK**

Name: Andy Martin                                    ☒ PRO SE

DuPage Attorney Number: _____

Attorney for: Pro Se

Address: 30 E. Huron Street, Suite 4406

City/State/Zip: Chicago, IL 60611-4723

Telephone: (866) 706-2639; Fax (866) 707-2639

NOTICE: The filing of an appearance or answer with the
Circuit Court Clerk requires a statutory filing fee, payable
at the time of filing.

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person.)

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60189-0707

CIRCUIT COURT SUMMONS                                                          3101(Rev. 07/05)

UNITED STATES OF AMERICA

STATE OF ILLINOIS   IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT   COUNTY OF DU PAGE

ANDY MARTIN,

PLAINTIFF              CASE NUMBER
                      2008CH002123
VS.

KENNETH CHENAULT, AMERICAN
EXPRESS COMPANY, et al.,

DEFENDANT                                   File Stamp Here

SUMMONS

To each defendant:

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of this Court, 505 North County Farm Road, Wheaton, Illinois within 30 days after the service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of services and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS: **CHRIS KACHIROUBAS**, Clerk of the Eighteenth Judicial Circuit Court, and seal thereof at Wheaton, Illinois.

Date                          JUN -- 5 2008

419
Clerk of the Eighteenth Judicial Circuit Court
DEPUTY CLERK

Name: Andy Martin        ☒ PRO SE

DuPage Attorney Number: _____

Attorney for: Pro Se _____        NOTICE: The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing.

Address: 30 E. Huron Street, Suite 4405 _____

City/State/Zip: Chicago, IL 60611-4723 _____

Telephone: (866) 705-2639; Fax (866) 707-2639        Date of Service: _____
                                                       (To be inserted by officer on copy left with Defendant or other person.)

**CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ⊕**
**WHEATON, ILLINOIS 60189-0707**

CIRCUIT COURT SUMMONS                                                              3101(Rev. 07/05)

**UNITED STATES OF AMERICA**

STATE OF ILLINOIS    IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT    COUNTY OF DU PAGE

ANDY MARTIN,

PLAINTIFF

VS.

KENNETH CHENAULT, AMERICAN
EXPRESS COMPANY, et al.,

DEFENDANT

CASE NUMBER
2008CH002123

File Stamp Here

**SUMMONS**

To each defendant:

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of this Court, 505 North County Farm Road, Wheaton, Illinois within 30 days after the service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of services and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS: **CHRIS KACHIROUBAS**, Clerk of the Eighteenth
Judicial Circuit Court, and seal thereof at Wheaton,
Illinois.

Date    JUN - 5 2008

413

of the Eighteenth Judicial Circuit

Name:  Andy Martin                    ☒ PRO SE

DuPage Attorney Number: _____

Attorney for: Pro Se

Address: 30 E. Huron Street, Suite 4406

City/State/Zip: Chicago, IL 60611-4723

Telephone: (866) 706-2639; Fax (866) 707-2639

NOTICE: The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing.

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person.)

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60189-0707

# EXHIBIT B

Run Date 06/25/2008

Court File History
18th Judicial Circuit Court
Docket of CourtFile 2008CH002123

Page 1

Case Title: ANDY MARTIN -VS- DANIEL AKERSON
Assigned Location: 2005    Legal Status: ACTIVE    Initiating Agency: CLERKS OFFICE

──────────────────── Parties ────────────────────

Name: **KENNETH CHENAULT**
Role: DEFENDANT

Name: **CHARLENE BARSHEFSKY**
Role: DEFENDANT

Name: **PETER CHERNIN**
Role: DEFENDANT

Name: **URSULA BURNS**
Role: DEFENDANT

Name: **JAN LESCHLY**
Role: DEFENDANT

Name: **RICHARD C LEVIN**
Role: DEFENDANT

Name: **RICHARD A MCGINN**
Role: DEFENDANT

Name: **EDWARD D MILLER**
Role: DEFENDANT

Name: **STEVEN S REINEMUND**
Role: DEFENDANT

Name: **RONALD A WILLIAMS**
Role: DEFENDANT

Name: **ROBERT D WALTER**
Role: DEFENDANT

Run Date 06/25/2008

Court File History
18th Judicial Circuit Court
Docket of CourtFile 2008CH002123

Page 2

Name: **AMERICAN EXPRESS BANK FSB**
Role: DEFENDANT

Name: **JUDY BISGARD**
Role: DEFENDANT

Name: **MR GUNNING GUNNING**
Role: DEFENDANT

Name: **AMERICAN EXPRESS CENTURION BANK**
Role: DEFENDANT

Name: **DANIEL AKERSON**
Role: FIRST-NAMED DEFENDANT

Name: **ANDY MARTIN**
Role: FIRST-NAMED PLAINTIFF

Name: **ANDY MARTIN**
Role: PRO SE ATTORNEY
Address:        30 E. HURON ST, SUITE 4406
                CHICAGO   IL   60611

————————————————————— Count Number: 0001 —————————————

Type of Case: CH0121    INJUNCTIONS (EXCEPT IN TAX & DIVORCE CASES)
Issuing Agency: CLERKS OFFICE    Status: ACTIVE

06/05/2008 10200    **FIRST-NAMED PLAINTIFF**
  First Name: ANDY    Last Name: MARTIN
06/05/2008 10100    **FIRST-NAMED DEFENDANT**
  First Name: DANIEL    Last Name: AKERSON
06/05/2008 10010    **ADDRESS**
  First Name: ANDY    Last Name: MARTIN    Address Type: HOME    Address Line 1: 30 E. HURON ST, SUITE 4406    City: CHICAGO    State: IL
  Zip Code: 60611    Country Code: USA
06/05/2008 10330    **PRO SE ATTORNEY**
  First Name: ANDY    Last Name: MARTIN

Run Date 06/25/2008

Court File History
18th Judical Circuit Court
Docket of CourtFile 2008CH002123

Page 3

06/05/2008 700210    CIVIL COUNT
06/05/2008 2140      ORIGINAL LOCATION ASSIGNMENT
    New Location: 2005
06/05/2008 5190      APPEARANCE
    First Name: ANDY   Last Name: MARTIN   Total Assessment Amount: $175.00   For: ANDY MARTIN
06/05/2008 5350      NEW CASE COMPLAINT/PETITION
06/05/2008 4181      CIVIL CASE FILING ASSESSMENT
06/05/2008 110       STATUS DATE
    Court Date: 10/02/2008   Court Location: 2005   Court Time: 09:05 AM   Purpose Code: STATUS
06/05/2008 6610      SUMMONS ISSUED
06/05/2008 6610      SUMMONS ISSUED
06/05/2008 9601      CIVIL FUND RECEIVED
    Allocated Amount: $250.00
06/05/2008 9700      APPLICATION OF FUND
06/05/2008 9700      APPLICATION OF FUND
06/05/2008 6610      SUMMONS ISSUED
06/05/2008 6610      SUMMONS ISSUED
06/05/2008 10110     DEFENDANT
    First Name: CHARLENE   Last Name: BARSHEFSKY
06/05/2008 10110     DEFENDANT
    First Name: URSULA   Last Name: BURNS
06/05/2008 10110     DEFENDANT
    First Name: KENNETH   Last Name: CHENAULT
06/05/2008 10110     DEFENDANT
    First Name: PETER   Last Name: CHERNIN
06/05/2008 10110     DEFENDANT
    First Name: JAN   Last Name: LESCHLY
06/05/2008 10110     DEFENDANT
    First Name: RICHARD   Middle Name: C   Last Name: LEVIN
06/05/2008 10110     DEFENDANT
    First Name: RICHARD   Middle Name: A   Last Name: MCGINN
06/05/2008 10110     DEFENDANT
    First Name: EDWARD   Middle Name: D   Last Name: MILLER
06/05/2008 10110     DEFENDANT
    First Name: STEVEN   Middle Name: S   Last Name: REINEMUND
06/05/2008 10110     DEFENDANT
    First Name: ROBERT   Middle Name: D   Last Name: WALTER
06/05/2008 10110     DEFENDANT

Run Date 06/25/2008

Court File History
18th Judicial Circuit Court
Docket of CourtFile 2008CH002123

Page 4

First Name: RONALD   Middle Name: A   Last Name: WILLIAMS
06/05/2008 10110    DEFENDANT
Name Prefix: MR    First Name: GUNNING    Last Name: GUNNING
06/05/2008 10110    DEFENDANT
First Name: JUDY   Last Name: BISGARD
06/05/2008 10110    DEFENDANT
Last Name: AMERICAN EXPRESS CENTURION BANK
06/05/2008 10110    DEFENDANT
Last Name: AMERICAN EXPRESS BANK FSB