IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDY MARTIN,<br>    Plaintiff,<br>v.<br><br>DANIEL AKERSON, CHARLENE BARSHEFSKY, URSULA BURNS, KENNETH CHENAULT, PETER CHERNIN, JAN LESCHLY, RICHARD C. LEVIN, RICHARD A. MCGINN, EDWARD D. MILLER, STEVEN S. REINEMUND, ROBERT D. WALTER, RONALD A. WILLIAMS, "MR. GUNNING," JUDY BISGARD, AMERICAN EXPRESS CENTURION BANK, AMERICAN EXPRESS BANK, FSB,<br>    Defendants. | Case No.: 08 CV 3812<br>Judge Pallmeyer<br>Magistrate Judge Keys |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 41(B)
OR, ALTERNATIVELY, RULE 12(B)(6)**

  Defendants Daniel Akerson, Charlene Barshefsky, Ursula Burns, Kenneth Chenault, Peter Chernin, Jan Leschly, Richard C. Levin, Richard A. McGinn, Edward D. Miller, Steven S. Reinemund, Robert D. Walter, Ronald A. Williams, Vaughn Gunning (improperly identified as "Mr. Gunning"), Judy Bisgard, American Express Centurion Bank, and American Express Bank, FSB (collectively, "Defendants"), by and through their undersigned attorneys, hereby move this Court pursuant to Federal Rule of Civil Procedure 41(b) for entry of an order dismissing Plaintiff's Complaint in its entirety due to Plaintiff's failure to comply with a federal permanent injunction, or in the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In support of this Motion, Defendants state the following:

1. Plaintiff Andy Martin is a vexatious litigant with a long history of filing baseless complaints. Since 1984, he has been subject to a federal permanent injunction addressing his ability to file lawsuits. Plaintiff completely disregarded the requirements of that injunction when he filed this lawsuit. Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action for failure to comply with "a court order." Dismissal pursuant to Rule 41(b) is warranted here, based on Plaintiff's flagrant disregard for the Second Circuit's permanent injunction entered against him in 1984. By the terms of that injunction, when he filed his Complaint in DuPage County state court (which Defendants have removed to this Court), Plaintiff was required to include a specific statement setting out his prior litigious history and to also file specific exhibits, including the permanent injunction. Plaintiff did not do so. Because Plaintiff has violated a court order, his Complaint should be dismissed with prejudice pursuant to Rule 41(b ). Indeed, other federal courts, including Judge Manning in this Court, have dismissed other lawsuits filed by Plaintiff for this same reason. *See Andy Martin v. David Brock, et al.*, Case No. 07-C-3154, 2007 WL 2122184 (N.D. Ill. July 19, 2007), and 2007 WL 1853298 (N.D. Ill. June 25, 2007) (Manning, J.).

2. Alternatively, Plaintiff's meritless Complaint should be dismissed for failure to state to a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The allegations in the Complaint concern the suspension of Plaintiff's account based on an overdue balance, which Plaintiff concedes was in fact overdue; Plaintiff purports to assert three different claims against Defendants. Plaintiff has named as defendants in this lawsuit the entire Board of Directors of American Express Company ("AEC"), two individual employees of a subsidiary of AEC, and two subsidiaries of AEC. Plaintiff's

Complaint provides no factual or legal support to attempt to place liability on the Board and the other individual defendants, which is not surprising since no such support exists. Plaintiff also completely fails to allege any compensable damages he sustained (he only alleges some inconvenience by being required to make new payment arrangements). In the alternative, because Plaintiff has not and cannot state a claim under any of the three counts he asserts, his Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6).

3. In further support of this Motion, Defendants rely upon and incorporate by reference, as if fully set forth herein, their Memorandum of Law that is being filed concurrently with this Motion.

## CONCLUSION

For all the foregoing reasons, and for such other and further reasons as may appear to the Court, Defendants respectfully request that the Court grant their Motion to Dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b), or in the alternative, pursuant to Rule 12(b)(6), and that the Court award Defendants any other and further relief that the Court deems appropriate.

    Respectfully submitted,

    AMERICAN EXPRESS CENTURION
    BANK, AMERICAN EXPRESS BANK,
    FSB, DANIEL AKERSON, *et al.,*
    Defendants

    By: _/s/ Ruth A. Bahe-Jachna
        One of Their Attorneys

Ruth A. Bahe-Jachna
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 2500

Chicago, IL 60601
(p) (312) 456-8400
(f) (312) 456-8435
baher@gtlaw.com

Louis Smith
Greenberg Traurig, LLP
200 Park Avenue, P.O. Box 677
Florham Park, New Jersey  07932-0677
(p) (973) 360-7900
(f) (973) 301-8410
smithlo@gtlaw.com

**Attorneys for Defendants**

Dated:  July 10, 2008
*NJ 226434790v1 July 10, 2008*