IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDY MARTIN,<br>              Plaintiff,<br>v.<br><br>DANIEL AKERSON, CHARLENE BARSHEFSKY, URSULA BURNS, KENNETH CHENAULT, PETER CHERNIN, JAN LESCHLY, RICHARD C. LEVIN, RICHARD A. MCGINN, EDWARD D. MILLER, STEVEN S. REINEMUND, ROBERT D. WALTER, RONALD A. WILLIAMS, "MR. GUNNING," JUDY BISGARD, AMERICAN EXPRESS CENTURION BANK, AMERICAN EXPRESS BANK, FSB,<br>              Defendants. | Case No.: 08 CV 3812<br>Judge Pallmeyer<br>Magistrate Judge Keys |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendants Daniel Akerson, Charlene Barshefsky, Ursula Burns, Kenneth Chenault, Peter Chernin, Jan Leschly, Richard C. Levin, Richard A. McGinn, Edward D. Miller, Steven S. Reinemund, Robert D. Walter, Ronald A. Williams, Vaughn Gunning (improperly identified as "Mr. Gunning"), Judy Bisgard, American Express Centurion Bank, and American Express Bank, FSB (collectively, "Defendants") submit this memorandum of law in support of their Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 41(b) in light of Plaintiff's failure to comply with a federal permanent injunction, or in the alternative, pursuant to Rule 12(b)(6) for failure to state a claim.

Plaintiff is a vexatious litigant with a long history of filing baseless complaints, and who since 1984 has been subject to a federal permanent injunction addressing his ability to file lawsuits. Plaintiff completely disregarded the requirements of that injunction when he filed this lawsuit. Consistent with the disposition by numerous courts, including this Court last year, Plaintiff's Complaint should be dismissed for failure to comply with the injunction.

Alternatively, Plaintiff's meritless Complaint should be dismissed for failure to state to a claim. The allegations in the Complaint concern the suspension of Plaintiff's account based on an overdue balance, which Plaintiff concedes was in fact overdue. Based on that action, Plaintiff has named as defendants in this lawsuit the entire Board of Directors of American Express Company ("AEC"), two individual employees of a subsidiary of AEC, and two subsidiaries of AEC. The abusive litigation tactics that resulted in the imposition of the permanent injunction against Plaintiff are fully reflected in this action.

## STATEMENT OF FACTS

**A.  The Plaintiff**

The United States Court of Appeals for the Second Circuit has described Plaintiff as follows:

> To those who follow the business of the courts, the appellant needs no introduction. He is the source of literally hundreds of lawsuits, motions and miscellaneous pleadings, all but a small fraction of which lack any merit whatsoever. Viewing Martin-Trigona's litigious conduct in its entirety yields the inescapable conclusion that he persistently resorts to legal processes without regard to the merits of the claims asserted and that he invokes those processes largely to harass persons who have unluckily crossed his path. His abuse of legal processes is exemplified not only by the number and variety of meritless actions but also by

his recent use of pleadings and other legal papers, the contents of which are set out in their appalling detail in the district court's opinion, as a vehicle to launch vicious attacks upon persons of Jewish heritage.

The district court is not the first judicial tribunal to take public notice of Martin-Trigona's determined and persistent misuse of legal processes. A law school graduate, Martin-Trigona was denied admission to the Illinois bar because "he lacks the qualities of responsibility, candor, fairness, self-restraint, objectivity and respect for the judicial system which are necessary adjuncts to the orderly administration of justice," *In re Martin-Trigona,* 55 Ill.2d 301, 312, 302 N.E.2d 68, 74 (1973), *cert. denied,* 417 U.S. 909 (1974). Judge Weinfeld has had occasion to observe

> that Martin-Trigona has over the years filed a substantial number of lawsuits of a vexatious, frivolous and scandalous nature. He has been a persistent and calculating litigator. There is a long trail of such actions commenced by him against federal and state judges, bar examiners, public officials, public agencies, lawyers and individuals who in one way or another had any relationship, directly or indirectly, to any matter concerning him.

*Martin-Trigona v. Brooks & Holtzman,* 551 F.Supp. 1378, 1384 (S.D.N.Y.1982). Another circuit has commented that Martin-Trigona's "tendency … to exaggerate, to believe himself the victim of conspiracies where none exist, and to suspect without any reasonable basis that others are persecuting him is evident from many of his filings in this record," *Martin-Trigona v. Gouletas,* 634 F.2d 354, 362 (7th Cir.), *cert. denied,* 449 U.S. 1025 (1980). And this court has noted in a prior proceeding,

> [h]is tour through the court system is marked by a persistent refusal to cooperate with court orders and purposeful efforts to delay and jaundice court proceedings. His distinctive brand of *pro se* advocacy has reached [us] after a barrage of procedural and jurisdictional challenges which have frustrated the courts below and have caused these bankruptcy proceedings to advance at a snail's pace, with little progress made toward settling creditors' claims during the past two and one-half years.

*Martin-Trigona v. Shiff,* 703 F.2d 380, 382 (2d Cir. 1983).

*In re Martin-Trigona,* 737 F.2d 1254, 1256-57 (2d Cir. 1984).

B.  **The Defendants**

Defendants Daniel Akerson, Charlene Barshefsky, Ursula Burns, Kenneth Chenault, Peter Chernin, Jan Leschly, Richard C. Levin, Richard A. McGinn, Edward D. Miller, Steven S. Reinemund, Robert D. Walter, and Ronald A. Williams comprise the Board of Directors of American Express Company.

Defendants Vaughn Gunning (improperly named in the Complaint as "Mr. Gunning") and Judy Bisgard are employees of a wholly-owned subsidiary of American Express Company.

Defendant American Express Centurion Bank is an industrial loan company and defendant American Express Bank, FSB is federal savings bank, both of which are indirect wholly owned subsidiaries of American Express Company.

C.  **The Permanent Injunction Against Plaintiff**

In light of Plaintiff's vexatious litigation history, the United States District Court for the District of Connecticut entered a permanent injunction relating to, among other things, Plaintiff's ability to file lawsuits (hereafter, the "Permanent Injunction"). The text of the Permanent Injunction is set forth at *In re Martin-Trigona*, 592 F. Supp. 1566, 1569-76 (D. Conn. 1984). The Permanent Injunction was affirmed by the Second Circuit, 763 F.2d 140 (2d Cir. 1985), and the Supreme Court denied *certiorari*, 474 U.S. 1061 (1986).

The Permanent Injunction requires that Plaintiff obtain leave of court before filing a lawsuit in federal court. With regard to state-court litigation, the Permanent Injunction requires that Plaintiff attach to any document that commences a new lawsuit:

> a statement entitled "Informational Statement Concerning Litigation History of Anthony R. Martin-Trigona, Pursuant

> to Court Orders," whose text shall read as follows: "Pursuant to order of the United States District Court for the District of Connecticut and the United States Court of Appeals for the Second Circuit, this tribunal is respectfully referred to the litigation history of Anthony R. Martin-Trigona, described in *In re Martin-Trigona*, 573 F. Supp. 1245 (D. Conn. 1983), and *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984), copies of which are attached hereto for ease of reference." To this statement shall be attached the following material: (a) a copy of the opinion of this court published at 573 F. Supp. 1245 (D. Conn. 1983), with all appendices; (b) a copy of the opinion of the Court of Appeals in *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984), with all appendices; and (c) a copy of this order, *In re Martin-Trigona*, 592 F. Supp. 1566 (D. Conn. 1984), with appendices.

*In re Martin-Trigona*, 592 F. Supp. at 1573.

### D. The Complaint

According to the Complaint, defendant Gunning called Plaintiff on May 13, 2008, raised a past due balance on an account of Plaintiff of $21.14, and indicated that the account had been suspended. Plaintiff concedes that he "was probably $21.14 past due, as he has been somewhat slow to write checks during his most recent period of political activity." Complaint at p. 4. Plaintiff alleges that because his account was suspended, he was required to make alternative arrangements for payment of certain monthly bills. *Id.* Plaintiff allegedly wrote to defendants Bisgard and Chenault on May 13, 2008, and May 20, 2008, and in that correspondence purportedly demanded arbitration. *Id.* at pp. 4-5. Plaintiff filed suit on June 5, 2008.

Plaintiff raises three claims in his Complaint based on those allegations. The first claim requests that the Court "invalidate AmEx's arbitration clause so that this lawsuit can proceed." *Id.* at p. 6. The second claim raises an alleged breach of the implied covenant of good faith and fair dealing in contracts. The final claim purports to be

brought under the Fair Credit Reporting Act, Fair Debt Collection Practices Act, Equal Credit Opportunity Act, and Fair Credit Billing Act.

In filing the Complaint, Plaintiff failed to comply with the requirements of the Permanent Injunction. *See* Notice of Removal, Exhibit A (Dkt. Ent. 1). Plaintiff failed to set forth the mandated disclosure, and failed to attach the required exhibits.

## ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH THE PERMANENT INJUNCTION

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action for failure to comply with "a court order." Plaintiff failed to provide the required statement and exhibits in connection with filing his state-court complaint, and therefore violated the Permanent Injunction. The appropriate remedy for this violation is dismissal with prejudice.

Federal courts routinely dismiss lawsuits filed Plaintiff has filed in violation of the Permanent Injunction. *See, e.g., Martin v. United States Department of State*, 245 F. Supp. 2d 92, 94 (D.D.C. 2003) (dismissing complaint pursuant to Rule 41(b) "[b]ecause plaintiff violated the terms of the 1984 injunction by failing to fairly and appropriately apprise this Court of his vexatious litigation history"); *Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993) (affirming dismissal of action for failure to comply with Permanent Injunction); *Martin v. Coca-Cola Company*, 785 F. Supp. 3, 4 (D.D.C. 1992) (dismissing Plaintiff's action where he "failed to comply with the terms of the injunction issued by the United States District Court for the District of Connecticut"); *Martin v. Stewart*, No. 89 C 4435, 1989 WL 68376, *3 (N.D. Ill. June 14, 1989) (denying motion for leave to file lawsuit based on failure to comply with Permanent Injunction); *Martin-Trigona v.*

6

*Public Broadcasting Service*, 840 F.2d 11, 1988 WL 12242 (4th Cir. 1988) (affirming dismissal of complaint for failure to comply with Permanent Injunction); *Martin-Trigona v. Gellis & Melinger*, 830 F.2d 367, 369 (D.C. Cir. 1987) (affirming dismissal of action for failure to comply with Permanent Injunction); *Martin v. Stewart*, 659 F. Supp. 45, 46 (D.D.C. 1987) (dismissing "the complaint because Martin-Trigona failed to comply with the terms of the injunction").

This Court recently dismissed with prejudice an action filed by Plaintiff in state court and removed to federal court for failure to comply with the Permanent Injunction. *See Andy Martin v. David Brock, et al.*, Case No. 07-C-3154, 2007 WL 2122184 (N.D. Ill. July 19, 2007), and 2007 WL 1853298 (N.D. Ill. June 25, 2007) (Manning, J.). Judge Manning reasoned as follows:

> Fundamentally, the court was and remains extremely disturbed by the fact that Mr. Martin is a highly educated and exceptionally sophisticated pro se litigant who graduated from law school and has filed hundreds upon hundreds of lawsuits over the years. Yet, he did not comply with the Connecticut injunction and filed suit in state court under a different name without mentioning the injunction let alone making a good faith effort to comply with its terms. As it did when it originally dismissed this suit, the court finds that this constitutes an abuse of the judicial process.

2007 WL 2122184, *3 (internal citations omitted).

Despite that recent ruling, and all the other similar rulings, Plaintiff again filed a complaint in violation of the Permanent Injunction. Notably, he violated the injunction in precisely the same manner as he did last year in the case dismissed by Judge Manning. In light of this history, which demonstrates Plaintiff's clear disregard for the constraints

7

imposed upon him by the Permanent Injunction, the appropriate sanction in this case, at the very least, is dismissal with prejudice.

## II.  ALTERNATIVELY, THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In the event the Court chooses to reach the merits of Plaintiff's Complaint, it still should be dismissed because it is completely without merit.  Indeed, the abusive litigation tactics that resulted in the imposition of the Permanent Injunction are on full display in Plaintiff's Complaint herein.  As a result of a suspended account due to an admittedly overdue balance, Plaintiff names as defendants the entire Board of Directors of American Express Company, two other individuals (for a total of fourteen individual defendants), and two corporate entities.  Plaintiff provides no factual or legal support to attempt to place liability on the Board and the other individual defendants, which is not surprising since no such support exists.  Plaintiff also completely fails to allege any compensable damages he sustained (he only alleges some inconvenience by being required to make new payment arrangements).  As will be described further below, the specific claims raised by Plaintiff completely fail and should be dismissed.

### A.   No Justiciable Dispute Exists Regarding an Arbitration Clause

In his first claim, Plaintiff alleges that he "invoked the arbitration clause" in his agreement with American Express, that American Express then "refused to engage in arbitration over this dispute," and that Plaintiff seeks to have the Court issue a declaration that would "invalidate AmEx's arbitration clause so this lawsuit can proceed." Complaint at pp. 5-6.

Plaintiff thus seeks to pursue his claims in Court, not through arbitration. Defendants likewise seek to have this matter addressed by the Court, not through arbitration. There is simply no issue regarding an arbitration clause presented by this matter.

An action seeking a declaratory judgment, "like any other action, must satisfy Article III, which allows federal courts to act only in the event of actual 'cases and controversies.'" *Hyatt Int'l Corp .v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002). Thus, the contested issue to be resolved must be "immediate and real, rather than merely speculative." *Id.* Because there is no controversy regarding an arbitration clause as all parties desire to proceed in Court, the first claim should be dismissed.

### B.   The Alleged Breach of the Covenant of Good Faith and Fair Dealing Does Not Provide a Basis for Affirmative Relief

In his second claim, titled "Breach of the Common Law Covenant of Good Faith," Plaintiff alleges that New York and Illinois law include an implied covenant of good faith and fair dealing in every contract, and that that implied covenant was breached. Complaint at pp. 6-7.

While New York recognizes an implied covenant of good faith and fair dealing in contracts, "there is no independent claim for breach of the duty of good faith and fair dealing." *Village on Canon v. Bankers Trust Co.*, 920 F. Supp. 520, 534-35 (S.D.N.Y. 1996) (granting motion to dismiss such claim); *see Druyan v. Jagger*, 508 F. Supp. 2d 228, 238 (S.D.N.Y. 2007) (reasoning that "it is well-established that the implied covenant does not create any new contractual rights or provide an independent basis for recovery" and granting motion to dismiss); *Sundaram v. Brookhaven Nat'l Labs.*, 424 F. Supp. 2d 545, 584 (E.D.N.Y. 2006) ("The plaintiff's claim for breach of the covenant of good faith

9

and fair dealing fails for the simple reason that this implied obligation is not a basis for imposing liability, but rather is only a defense to liability when one is sued for breach of contract by another.").

New York courts treat the implied covenant as a "'disqualifying factor as distinguished from a liability-imposing factor.'" *Quail Ridge Assocs. v. Chemical Bank*, 558 N.Y.S.2d 655, 657 (App. Div. 1990) (quoting *Super Glue Corp. v. Avis Rent A Car System, Inc.*, 517 N.Y.S.2d 764, 766 (App. Div. 1987)). Thus, "a party may assert breach of the covenant as a defense to a contract claim made by another, much like the doctrine of unconscionability, but may not assert breach of the covenant as an independent basis for imposing liability on another." *Sundaram*, 424 F. Supp. 2d at 585 (dismissing such claim).

Similarly, "'under Illinois law, the covenant of good faith and fair dealing has never been an independent source of duties for the parties to a contract.'" *LaSalle Bank, N.A. v. Moran Foods, Inc.*, 477 F. Supp. 2d 932, 937 (N.D. Ill. 2007) (quoting *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1443 (7th Cir. 1992)). Instead, "it is a cannon of construction applied to the explicit terms in the contract" in order "to determine the intent of the parties where a contract is ambiguous." *LaSalle Bank*, 477 F. Supp. 2d at 937.

Thus, Plaintiff's attempt to raise an affirmative claim based on the implied covenant of good faith and fair dealing fails under both New York and Illinois law. Plaintiff nowhere addresses the explicit terms of any contract, and does not allege any express contractual breach. Because the implied covenant cannot form the basis of affirmative relief, the second claim should be dismissed.

### C.   Plaintiff's Conclusory Invocation of Four Federal Statutes Fails to Give Fair Notice of the Claim

The final claim in the Complaint alleges a breach of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, and the Fair Credit Billing Act, 15 U.S.C. § 1601.  Complaint at pp. 7-8.  The claim is limited to three conclusory paragraphs, does not identify any of the provisions of those four statutes, and thus does not indicate how any of the alleged conduct of defendants allegedly violated those statutes.  Thus, the claim is woefully deficient.

To survive a motion to dismiss, a claim must "'give the defendant fair notice of what the  . . . claim is and the grounds upon which it rests.'"  *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)); s*ee also George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007) (reasoning that complaint "must give enough detail to illuminate the nature of the claim and allow defendants to respond") (citing *Twombly*, 127 S. Ct. 1955).

Thus, a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Killingsworth*, 507 F.3d at 618 (quoting *Twombly*, 127 S. Ct. at 1964-65).  Instead, "the factual allegations in the complaint 'must be enough to raise a right to relief above the speculative level.'"  *Id.* (quoting *Twombly*, 127 S. Ct. at 1965); s*ee also Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.* 496 F.3d 773, 777, 780 (7th Cir. 2007) (reasoning that complaint "must actually *suggest* that the plaintiff has a right to relief" and that rules are not intended to "promote vagueness or reward deliberate obfuscation")

Plaintiff does not provide any description -- formulaic or otherwise -- of the elements of any cause of action. Defendants are given no notice of how the four federal statutes allegedly were violated, thereby precluding Defendants from responding in a meaningful way. Any purported relief under these statutes is completely speculative as the claim provides absolutely no description of what the statute requires and how the defendants failed to comply. According, the third claim should be dismissed.

## CONCLUSION

For all the foregoing reasons, and for such other and further reasons as may appear to the Court, Defendants respectfully request that the Court grant their Motion to Dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b), or in the alternative, pursuant to Rule 12(b)(6), and that the Court award Defendants any other and further relief that the Court deems appropriate.

    Respectfully submitted,

    AMERICAN EXPRESS CENTURION BANK, AMERICAN EXPRESS BANK, FSB, DANIEL AKERSON, *et al.*, Defendants

By:   /s/ Ruth A. Bahe-Jachna
     One of Their Attorneys

Ruth A. Bahe-Jachna
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL 60601
(p) (312) 456-8400
(f) (312) 456-8435
baher@gtlaw.com

Louis Smith
Greenberg Traurig, LLP
200 Park Avenue, P.O. Box 677
Florham Park, New Jersey 07932-0677

(p) (973) 360-7900
(f)  (973) 301-8410
smithlo@gtlaw.com

**Attorneys for Defendants**

Dated:  July 10, 2008
NJ 226434745v1 July 10, 2008