**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ANDY MARTIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 08 C 3812 |
| ) | |
| **DANIEL AKERSON, CHARLENE** ) | Judge Rebecca R. Pallmeyer |
| **BARSHEFSKY, URSULA BURNS,** ) | |
| **KENNETH CHENAULT, PETER** ) | |
| **CHERNIN, JAN LESCHLY, RICHARD C.** ) | |
| **LEVIN, RICHARD A. McGINN,** ) | |
| **EDWARD D. MILLER, STEVEN S.** ) | |
| **REINEMUND, ROBERT D. WALTER,** ) | |
| **RONALD A. WILLIAMS,** ) | |
| **"MR. GUNNING," JUDY BISGARD,** ) | |
| **AMERICAN EXPRESS CENTURION** ) | |
| **BANK, and AMERICAN EXPRESS** ) | |
| **BANK, FSB,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Andy Martin, brought suit in Illinois state court alleging breach of contract and violation of various federal debt and credit statutes. As Defendants, Martin named every member of the American Express Company's Board of Directors, as well as two subsidiary banks and some of their employees ("Defendants"). Defendants removed the case to federal court and then moved to dismiss it. When Plaintiff failed to respond to that motion, the court ultimately did dismiss the case for want of prosecution and denied Martin's motion to vacate the dismissal order. Martin then filed a largely identical complaint in state court, but added some new allegations and defendants and dropped his federal law claims. Defendants nevertheless again removed the case to this court, and now move for an antisuit injunction against further proceedings in state court. Martin, for his part, again asks that the court reconsider the order dismissing his earlier action. For the reasons set forth here, Defendants' motion is granted and Plaintiff's is denied.

**FACTS AND PROCEDURAL HISTORY**

Andy Martin, also known as Anthony Martin-Trigona, is well known to federal and state courts for the remarkable volume of frivolous and vexatious civil suits he has filed over the last several decades.[1] By 1983, Judge Jose Cabranes of the U.S. District Court for the District of Connecticut had concluded that Martin's litigation practice was so burdensome that the court issued a permanent injunction requiring Martin to obtain leave to file any new lawsuit in federal court and apprise state courts of his litigation history. *See In re Martin-Trigona*, 573 F. Supp. 1245 (D.Conn.1983) (summarizing Martin's abuse of the federal court system to that point), *aff'd in part and remanded in part*, 737 F.2d 1254 (2d Cir.1984), *on remand*, 592 F. Supp. 1566 (D.Conn.1984), *aff'd*, 763 F.2d 140 (1985), *cert. denied*, 474 U.S. 1061 (1986). To address Martin's penchant for re-filing claims previously adjudicated, the injunction also required that in any new lawsuit, Martin affirmatively certify whether or not he had previously presented his claim in any other forum. *In re Martin-Trigona,* 592 F. Supp at 1572.[2] The injunction does not appear to have dissuaded Martin. *See, e.g., Martin v. State*, 747 So. 2d 386 (Fla. 2000).

In June 2008, Martin, who attended the University of Illinois College of Law, filed this *pro se* lawsuit in the Circuit Court of DuPage County, Illinois, Eighteenth Judicial Circuit, claiming breach of contract and violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Equal Credit Opportunity Act, and the Fair Credit Billing Act (the "First Action"). Named as Defendants were American Express Centurion Bank, FSB; American Express Centurion Bank;[3] the

---

[1] Unverified information concerning Martin's history is widely available via the Internet. *See, e.g.* http://en.wikipedia.org/wiki/Andy_Martin_(U.S._politician), *last visited Aug. 31, 2009.*

[2] Martin's compliance with the terms of the injunction is not relevant to this court's disposition of Defendants' present motion, and the injunction is noted here only to illustrate Martin's apparently typical disregard for court rulings. The Circuit Court for DuPage County is, however, free on remand to determine whether Martin has complied with the injunction and proceed accordingly. *Martin v. Brock*, No. 07 C 3154, 2007 WL 1853298, at *2 (N.D. Ill. June 25, 2007) (following procedure for enforcing the injunction).

[3] American Express Centurion Bank and American Express Bank, FSB respectively
(continued...)

entire board of directors of American Express Company;[4] and Vaughn Gunning and Judy Bisgard, two employees of another wholly-owned subsidiary of American Express Company (collectively, "Defendants"). (Defendants' Memorandum in support of Motion to Dismiss First Action [9] (hereinafter "Defs.' Memo"), at 4.)

Martin's claims in this case arise from Defendants' suspension and cancellation of a credit account Martin held with American Express Centurion Bank and American Express Bank, FSB. (First Action Complaint, at 4-5.) As Martin's claims included alleged violations of federal law, Defendants removed the case to this court, invoking federal-question jurisdiction. After removal, on July 10, 2008, Defendants moved to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim and FED R. CIV. P. 41(b) for Martin's noncompliance with the terms of the permanent injunction against him. The court set a deadline of August 12, 2008 for Martin's response. Three days after that deadline, Martin moved for an extension to September 19, 2008 of the time to respond, but neglected to notice this motion for presentment as required by Local Rule 5.3. The court directed Martin to notice his motion for presentment, but on October 21, 2008 Martin had yet to comply with that order, and the court dismissed the federal- and state-law claims with prejudice for failure to prosecute. Martin did not appeal.

On January 20, 2009, Martin filed motions asking the court to vacate its October 21, 2008 dismissal order and, at the same time, for the judge to recuse on grounds of bias. Finding no reason to alter the earlier judgment and concluding that the bias allegation was baseless, the court denied those motions on January 26. This time, Martin appealed, but the Seventh Circuit dismissed the appeal for failure to timely pay the required docketing fee, pursuant to Circuit Rule 3(b).

---

[3](...continued)
an industrial loan company and a federal savings bank, are each indirect wholly-owned subsidiaries of American Express Company. (Docket Entry No. 9, Defs. Memo. in support of Motion to Dismiss First Action, at 4.)

[4] Defendants Akerson, Barshefsky, Burns, Chenault, Chernin, Leschly, Levin, McGinn, Miller, Reinemund, Walter, and Williams.

On January 29, 2009 Martin filed "new" claims in the Circuit Court of DuPage County, Illinois, Eighteenth Judicial Circuit, Case No. 2009MR000165 ("Second Action"). In this Second Action, Martin alleged that Defendants continued to harass him in the time following this court's October 21 dismissal order. Martin's complaint in the Second Action omitted any mention of his federal law claims, but, in addition to the allegations of further harassment, otherwise reasserted the allegations he made in the First Action. In addition to the original Defendants, Martin also named the attorneys who had represented Defendants in the First Action—Ruth Bahe-Jachna and Louis Smith and their law firm, Greenberg Traurig, LLP—as well as the Defendants' alleged "agents," Robert Pettway and NCO Financial Systems, Inc. In response, Defendants filed a motion in this court for an order enjoining the state court proceeding. The state court has voluntarily stayed further proceedings and reportedly awaits this court's disposition of the motion. (Defs.' Reply Br., 3; Defs.' Reply Br., Ex. A.)

## DISCUSSION

### I. Legal Standard

Defendants ask this court to exercise its inherent power to enjoin the state court proceedings initiated by Martin. The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits a federal court from enjoining state court proceedings "except . . . where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Those exceptions, Defendants contend, clearly apply here, because (1) Martin's claim has been finally decided on the merits and is thus *res judicata*; (2) the issues Martin raises have already been litigated and are therefore barred under the doctrine of collateral estoppel; and (3) the claim is nothing more than the attempt of a notorious vexatious litigator to harass Defendants. For the reasons discussed below, the court finds it appropriate to grant Defendants' motion in a modified form.

The Anti-Injunction Act "represents Congress' considered judgment as to how to balance the tensions inherent" in a dual system of federal and state courts. *Chick Kam Choo v. Exxon*

4

*Corp.*, 486 U.S. 140, 146 (1988). As noted, the Act generally forbids federal courts from enjoining proceedings in state court except, *inter alia*,[5] where necessary "to protect or effectuate its judgments." 28 U.S.C. § 2283. The Supreme Court has interpreted this exception as authority for a federal court to enjoin relitigation in state court of certain claims and issues already decided in federal court. *Chick Kam Choo*, 486 U.S. at 147. Specifically, the federal court may issue an injunction where the traditional doctrines of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) apply. Thus, in *Chick Kam Choo*, the Court concluded that where a state law claim had been decided by a federal court, the federal court was permitted to enjoin a proceeding in state court seeing litigation of that same claim. *Cf. Ramsden v. AgriBank, FCB*, 214 F.3d 865, 868 (7th Cir. 2000) (injunction to bar relitigation in state court was improper where the state court had already explicitly rejected the *res judicata* defense).

**II.**     ***Res judicata***

Defendants argue that Martin's state court claim falls within the relitigation exception to the Anti-Injunction Act because it is barred by *res judicata*. The doctrine of *res judicata* is available when there is (1) a final adjudication on the merits in an earlier action; (2) identity of the cause of action between the earlier and later suit; and (3) an identity of the parties or privies in the two suits. *Tartt v. Northwest Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) (citing *Smith v. City of Chicago*, 820 F.2d 916, 917 (7th Cir. 1987)).

For the purposes of *res judicata*, causes of action are identical when they arise from the same core of operative facts. *Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008) (quotations and citations omitted). *Res judicata* also bars a plaintiff from pursuing claims that were not actually decided, but could have been raised in the earlier action. *Brzostowski v. Laidlaw Waste*

---

[5] The Act also permits federal courts to enjoin state courts where expressly authorized by statute and where necessary in aiding their jurisdiction, 28 U.S.C. § 2283, but Defendants do not argue that an injunction in this situation would fall within either of these exceptions, and the court concludes that they are not relevant.

*Systems, Inc.* 49 F.3d 337, 338 (7th Cir. 1995). In the state court action, most of Martin's complaint in the Second Action is literally identical to his complaint in the First Action. (*Compare* First Action Complaint, "Facts Giving Rise to This Lawsuit", ¶ 2b *with* Second Action Complaint ¶ 2b.) In addition to these nearly identical allegations, the complaint in the Section Action asserts additional "claims": that Defendants' attorneys "spew[ed] lies, distortions and misrepresentations" and improperly cited the 1984 injunction issued by a federal judge in Connecticut. These additional "claims," however, arise directly from Defendants' counsel's conduct in litigating the first action.[6] Although Martin now alleges that the arguments counsel made in that earlier case were somehow improper, he ignored the ample opportunity this court gave him to respond to those arguments.[7] (Docket Entry No. 16; Docket Entry No. 21.) In short, Martin seeks to assert, as independent "claims," the challenges he failed to make in this court earlier. Allowing the state court to entertain this relitigation would negate the effect of this court's dismissal of the First Action.

The successful defendant does not, of course, gain from its victory free license to trample the rights of the plaintiff on the losing end of the judgment. *Res judicata* does not bar additional litigation when a new wrong occurs or a claim arises that could not have been presented in the first case. *Supporters to Oppose Pollution, Inc. v. Heritage Group*, 973 F.2d 1320, 1326 (7th Cir. 1992) (recognizing that "[t]raditional principles of preclusion allow additional litigation if some new wrong occurs," but affirming dismissal of environmental claims where plaintiffs were challenging the release of hazardous materials by a landfill operator in privity with an operator who had been sued earlier). In *Killebrew v. St. Vincent Health, Inc.*, 295 FED. APPX. 808 (7th Cir. 2008), the district court dismissed an employment discrimination brought by a pro se litigant for failure to prosecute. Later,

---

[6] These claims are also entirely frivolous. It is well established that attorneys are not liable merely for vigorously representing their clients' interests in court. *Schieb v. Grant*, 22 F.3d 149, 156 (7th Cir. 1994).

[7] "The due process clause entitles every litigant to a full and fair opportunity to be heard; it does not entitle anyone to be heard on the same question over and over." *In re City of Chicago*, 500 F.3d 582, 585 (7th Cir. 2007).

she filed another complaint that largely repeated the allegations of her first complaint, but because she made some additional allegations that could have related to her employer's conduct after the adjudication of her first claim, the Court of Appeals concluded that the new complaint should not have been dismissed on *res judicata* grounds. *Id.* at 809.

Apart from allegations regarding post-October 21 conduct, Martin's claims are barred. This conclusion requires dismissal of the claims against newly-named Defendants Bahe-Jachna, Smith, and Greenberg Traurig, LLP, as well, because those parties are in privity with the parties to the original action. *See Henry v. Farmer City State Bank,* 808 F.2d 1228, 1235 n.6 (7th Cir. 1986). The term "privity" is not talismanic, but rather describes the relationship of individuals and entities whose identity of interests regarding a previously-litigated claim is sufficiently close to justify precluding relitigation. *Tice v. American Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1998). In their capacities as counsel, Bahe-Jachna and Smith exercised substantial control over Defendants' interests in the original litigation. Indeed, as noted earlier, Martin has named these lawyers as Defendants in the Second Action for no apparent reason other than to attack the arguments they made in the First Action.[8] With respect to Bahe-Jachna, Smith, and their law firm, Greenberg Traurig, LLP, Martin's state court complaint is a mere repetition of the First Action and is thus an attack on this court's previous judgment. This court therefore enjoins further litigation against Defendants Bahe-Jachna, Smith, and Greenberg Traurig, LLP, as well.

Neither Martin nor Defendants make clear the relationship of additional defendants Robert Pettway and NCO Financial Systems, Inc. to the First Action. The court assumes, however, that these "new" Defendants somehow relate to Martin's allegations that Defendants have engaged in "new attacks and [. . .] demands" and dissemination of false financial information since October 21, 2008. (Second Action Complaint, "Facts Giving Rise to This Lawsuit", ¶¶ 2b M, N.) Those allegations that Martin has copied *verbatim* from his first complaint refer specifically to the

---

[8] Martin's penchant for this abusive ploy is well documented. *In re Martin Trigona.* 573 F. Supp. 1245, 1249 (D. Conn 1983).

Defendants named earlier and make no specific mention of the new parties. (First Action Complaint, "Facts Giving Rise to This Lawsuit", ¶ 2b A-I.) If the wrongdoing Martin alleged in the First Action is the same conduct with which he now charges Pettway and NCO, acting as the earlier-named Defendants "agents," (*see* Second Action Complaint, "The parties", ¶ 2a E), then Pettway and NCO, as well, are in privity with the original defendants and are entitled to dismissal.

Nor is there any room to challenge the finality of the October 21, 2008 dismissal of the First Action. After Martin failed to respond in any fashion to Defendants' motion to dismiss, the court's order dismissed the federal and pendent state claims with prejudice. Martin failed to appeal from that dismissal order; he did seek reconsideration some months later, but his appeal from denial of that motion has been dismissed. The preclusive effect of rulings made by a federal court exercising federal-question jurisdiction is determined according to federal law, *see Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-09 (2001), and a dismissal with prejudice for failure to prosecute operates as a final adjudication on the merits. *Tartt*, 453 F.3d at 822. Moreover, dismissal on the merits of state-law claims over which the court exercises supplemental jurisdiction via 28 U.S.C. § 1367(a) also has preclusive effect, *Wright v. Associated Ins. Companies, Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994), and the court may dismiss pendent state-law claims with prejudice in some circumstances, such as when the state-law claims are frivolous. *Id.* at 1251-52 (citing *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n,* 892 F.2d 575, 578 (7th Cir. 1989).

Under these principles, this court's earlier dismissal order unquestionably has preclusive effect. In their motion to dismiss the First Action, Defendants argued that Martin's lawsuit violated the injunction issued by a federal court in Connecticut. As the court observed in its October 21, 2008, that argument was amply supported by Plaintiff's history. Defendants argued, further, that Martin's complaint failed to state a claim; that argument, too, was amply supported: Plaintiff named the entire Board of Directors of the American Express Company and several other persons and entities as Defendants. His claims against those entities were patently frivolous. For example,

8

Plaintiff challenged the arbitration clause in his agreement with American Express and asked the court to declare it unenforceable. As Defendants had not sought to enforce that clause, however, this claim is moot. Plaintiff's second claim, for alleged breach of the implied covenant of good faith and fair dealing, is not actionable under either New York or Illinois law. *See Sundaram v. Brookhaven Nat'l Labs.*, 424 F. Supp.2d 545, 584-85 (E.D. N.Y. 2006) (applying New York law); *LaSalle Bank National Ass'n v. Moran Foods, Inc.*, 477 F. Supp.2d 932, 937 (N.D. Ill. 2007) (Illinois law). Finally, Plaintiff's bare-bones invocation of four federal statutes, without any explanation of how any of the Defendants violated those laws, is insufficient under relevant pleading standards, which require that Plaintiff provide the Defendants with "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).

Plaintiff's failure to respond in any substantive fashion to any of Defendants' arguments supported dismissal of the First Action on the merits. Accordingly, the finality element of *res judicata* is satisfied with respect to all of the repetitive allegations in Martin's state court complaint, (Second Action Complaint, "Facts Giving Rise to This Lawsuit", ¶¶ 2b A-I), as well as the allegations against Defendants' attorneys, which could have been presented in the context of the First Action. (Id. at ¶¶ 2b J-L.) The doctrine of *res judicata* bars Martin's pre-October 21, 2008 breach of contract and attorney misconduct claims against all individuals and entities named as defendants. These claims are specifically based on the factual allegations in Martin's complaint in ¶¶ 2b A-L under the heading "Facts Giving Rise to This Lawsuit". (Second Action Complaint, 4-7.) Under the Anti-Injunction Act, the court retains the power to enjoin state courts from proceeding with claims that are so barred, *Chick Kam Choo*, 486 U.S. at 147, and the court will issue an injunction against such further proceedings in this case.

**III. Defendants' Other Arguments for Injunctive Relief**

Defendants argue, in the alternative, for an injunction on the basis of collateral estoppel, or issue preclusion. The court need not reach the argument, but notes its doubts that the doctrine is applicable here. Collateral estoppel applies if: "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action." *Havoco of America, Ltd. v. Freeman, Atkins & Coleman, Ltd.*, 58 F.3d 303, 307 (7th Cir. 1995). Collateral estoppel differs from *res judicata* in that it can be used to preclude the relitigation of any previously decided issue, even in the context of a new cause of action. *Smith v. United States*, 403 F.2d 448, 449 (7th Cir. 1968).

This court dismissed Martin's First Action essentially because he did not respond to Defendants' motion to dismiss. (Docket Entry No. 16.) While this was indeed an adjudication on the merits and would preclude relitigation of the same *claim*, collateral estoppel is inapplicable because a penalty dismissal does not actually adjudicate any issues. *See Sterling v. United States*, 85 F.3d 1225, 1228-29 (7th Cir. 1996); *Gambocz v. Yelencsics*, 468 F.2d 837, 841-42 (3d Cir. 1972); *In re Pyramid Energy, Ltd.*, 160 B.R. 586, 590 n.3 (Bankr. S.D. Ill. 1993).

Nor is the court inclined to enjoin the state court proceedings on equitable grounds. Martin is well-known as a vexatious litigator, and his conduct here appears consistent with his reputation. But the court's tools for restraining such individuals are not infinitely adaptable, nor should they be if the doors of the justice system are to remain open to all meritorious claims. Defendants cite to *Samuel C. Ennis & Co., Inc. v. Woodmar Realty Co.*, 542 F.2d 45 (7th Cir. 1976), in which the Seventh Circuit relied on collateral estoppel to enjoin litigation against individuals who, while they were not parties to earlier federal litigation, successful demonstrated that rulings in that earlier litigation had collateral estoppel effect in their favor. *Id.* at 49. Collateral estoppel is a recognized basis for exception to the Anti-Injunction Act, *id*, and may be asserted by non-parties to the earlier action in certain circumstances. *Miller Brewing Co.* V. Joseph Schlitz Brewing Co., 605 F.2d 990,

992 (7th Cr. 1979). As explained earlier, however, the absence of an earlier decision on the merits renders collateral estoppel inapplicable.

Exceptions to the Anti-Injunction Act are narrow and not amenable to "loose statutory construction." *Chick Kam Choo*, 486 U.S. at 146 (quoting *Clothing Workers v. Richman Bros. Co.*, 348 U.S. 511, 514 (1955)). The fact that a lawsuit may be frivolous or intended to harass is therefore insufficient reason to enjoin a state court from proceeding with its adjudication. This court declines to do so.

### IV. Martin's Motion to Vacate and Remand

Finally, Martin has renewed his request for the court to vacate its October 21, 2008 judgment and remand the matter to state court. He offers no new argument in favor of his request, however, and the court is unmoved by his claimed concern for the integrity of the judicial system. The court stands by its earlier decision.

### CONCLUSION

Defendants' motion [24] for an antisuit injunction against proceedings in *Martin v. Akerson* (Case No. 2009MR000165) in the Circuit Court of DuPage County, Illinois, Eighteenth Judicial Circuit is granted in part and denied in part. The motion is granted with respect to all claims that were or could have been asserted in his First Action, and the state court is enjoined from proceeding further on any such claims. Martin's motion [50] for vacatur and remand of his claim dismissed on October 21, 2008 is denied. This case is remanded to the Circuit Court for DuPage County for adjudication of those claims that Martin has asserted arising from Defendants' conduct after October 21, 2008.

ENTER:

Dated: August 31, 2009

_____
REBECCA R. PALLMEYER
United States District Judge